PER CURIAM:
Claimant brought this action for damage to his 1992 GEO Tracker which occurred when his son, Earvin John Hyatt, was driving the vehicle on WV Route 52 through Wilmore in McDowell County. Mr. Hyatt came upon a tree or tree limb *104 hanging into the roadway and the vehicle struck the limb causing damage to the vehicle. Respondent is responsible for the maintenance of WV Route 52 in McDowell County. The Court is of the opinion to deny this claim for the reasons set forth below.
On June 26,2001, at about 9:00 p.m., claimant’s son, Earvin John Hyatt, was operating claimant’s vehicle and he had two passengers in the vehicle with him. It was dark and it had rained two hours earlier so the road was wet. As Mr. Hyatt proceeded on WV Route 52, he was driving at 50 miles per hour when he suddenly came upon what appeared to him to be a limb hanging from a tree over the road. He swerved to miss the limb, but it struck the right front headlight area of claimant’s vehicle. Mr. Hyatt testified that he had driven this same highway at about 3:00 p.m. and there was nothing unusual at this spot on WV Route 52. He was not sure if the vehicle struck a tree or a limb hanging from a tree. There was damage to the headlight, the hood, and the grill area of claimant’s vehicle and these damages are not covered by insurance as claimant has liability insurance only. The estimate for repair of the damages is in the amount of $1,300.37.
Kenneth Bowles, a Crew Leader for respondent in McDowell County, testified that he was notified by emergency personnel to move a tree limb from WV Route 52 on the date of Mr. Hyatt’s accident. It was dark at the time he went to the scene where he found a small tree that had broken from the hillside and was leaning over the highway. He described the terrain in this area as a hillside covered with many trees and the road is curvy. He was able to move the tree by himself to get it out of the highway. He was not sure if the tree was on the State’s right of way.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers up on its ro ads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondentliable forroad defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court must find that respondent was not negligent in this claim as it had no notice of the fallen tree on WV Route 52 and it responded as soon as one of its employees received notice of the hazard. The Court is sympathetic with the position of claimant’s son who came upon an emergency situation, tried to avoid a collision with the tree, but he was unable to avoid the tree which struck the vehicle. Since the Court finds no negligence on the part of the respondent for this tree being in the road, there may be no recovery by the claimant.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.